UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ADRIAN GUERRERO,

*Plaintiff,*

*v.*

CITY OF MEQUON & SHAWN LARSON,

*Defendants.*

Case No: 2:26-cv-1257

---

## COMPLAINT

---

Plaintiff Adrian Guerrero, by his lawyers, Strang Bradley, LLC, for his complaint against Defendants City of Mequon and Shawn Larson states:

### INTRODUCTION

1. On January 16, 2025, Guerrero was the passenger in a car that led police on a chase.

2. The car eventually stopped, and the driver got out and ran.

3. Guerrero, however, remained and complied with City of Mequon Police Officer Larson's commands.

4. Guerrero put his hands up, as ordered, and got down on the ground, as ordered.

5. Once Guerrero was on the ground, Larson kicked Guerrero over onto his back.

6. As Guerrero was lying on his back, still compliant, Larson kicked him again.

7. Guerrero suffered a herniated disc, has been in physical therapy, suffers from back pain, and takes medication for it.

8. As a direct and proximate result of the acts of Larson, Guerrero suffered, *inter alia,* bodily injury, pain, suffering, mental distress, and humiliation.

## JURISDICTION AND VENUE

9. This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

10. This Court has jurisdiction over federal claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3), and the state law indemnification claim under 28 U.S.C. § 1367(a).

11. Venue is proper under 28 U.S.C. § 1391(b). Defendant City of Mequon is a political subdivision of the State of Wisconsin located within this judicial district. Additionally, the events giving rise to these claims occurred within this judicial district.

## PARTIES

12. Plaintiff Adrian Guerrero is a resident of the State of Wisconsin.

13. Defendant City of Mequon is a political subdivision of the State of Wisconsin and was the employer of individual Defendant Shawn Larson and is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment pursuant to WIS. STAT. § 895.46.

14. The City of Mequon is sued as an indemnitor.

2

15. Defendant Shawn Larson was, at the time of this occurrence, employed as a police officer for the City of Mequon Police Department.

16. At all times that Defendant Larson interacted with Plaintiff on January 16, 2025, Larson was acting under color of state and local law.

17. At all times that Defendant Larson interacted with Plaintiff on January 16, 2025, Larson was acting within the scope of his employment with the City of Mequon Police Department.

18. Defendant Larson is sued in his individual capacity.

**FACTS**

19. On January 16, 2025, Guerrero was the passenger in a car that led police on a high-speed chase.

20. After hitting a spike strip, the car came to a stop, and the driver got out and ran.

21. Officer Larson was the first officer to reach the car.

22. Guerrero exited the car and stood still.

23. The interaction was recorded on Larson's body-worn camera.

24. Larson approached Guerrero, yelling, "Get on the ground! Get on the ground! Hands! Hands! Hands! On the ground! Hands!"

25. Guerrero put his hands up and slowly began lowering himself to the ground.

26. Larson continued, "Get on the fucking ground! Get down!"

27. Guerrero lowered himself to all fours and stopped moving.

28. Larson pointed his gun at Guerrero.



*Still from Larson's body-worn camera*

29. Larson radioed to dispatch that he had one of the people in the car.

30. He then walked up to Guerrero, who was still on all fours, and yelled, "Get down on the fucking ground!"

31. As he yelled at Guerrero, Larson kicked Guerrero over onto his back and again pointed his gun at him.

4



*Still from Larson's body-worn camera (redacted)*

32. Larson then yelled at Guerrero, "Roll over!"

33. As he yelled, Larson reared back and kicked Guerrero again.

34. As he kicked Guerrero, he yelled, "Roll over! Roll over! Now!"

35. Guerrero rolled over.

36. As Guerrero lay on his stomach, still and compliant, Larson pointed his gun at the back of Guerrero's head, inches away.

37. As he pointed his gun at Guerrero's head, Larson yelled, "Get the fuck down! You think I'm fucking playing games!"



*Still from Larson's body-worn camera*

38. Guerrero said, "What did I do?"

39. Larson responded, "Shut the fuck up! Hands out to the side! Now!"

40. Guerrero again complied.

41. Larson told Guerrero to put his hands behind his back.

42. Guerrero again complied.

43. Larson then handcuffed Guerrero.

44. Guerrero was eventually arrested and convicted of misdemeanor possession of cocaine. Guerrero was never accused of or charged with eluding, fleeing, resisting, or obstructing.

## COUNT I:
### 42 U.S.C. § 1983 Claim for Excessive Force

45. Plaintiff realleges the above paragraphs.

6

46. The intentional acts of Larson kicking and/or pointing a gun at Guerrero while Guerrero was lying on the ground, compliant, were an unjustified, unreasonable, and excessive use of force.

47. Larson's unreasonable use of force violated Guerrero's Fourth Amendment rights.

48. The aforementioned actions of Defendant Larson were the direct and proximate cause of the constitutional violations set forth above and of Plaintiff's injuries, including pain, mental suffering, anguish, fear, humiliation, loss of personal freedom, and expenses.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages against Defendant Larson, and because he acted maliciously, wantonly, or oppressively, punitive damages; the costs of this action, attorneys' fees; and such other and further relief that the Court deems just and equitable.

## COUNT II:
### Indemnification Claim Against City of Mequon

49. Plaintiff realleges the above paragraphs.

50. Wisconsin law, WIS. STAT. § 895.46, requires public entities to pay any tort judgment for damages for which employees are liable for acts within the scope of their employment.

51. At all times relevant to this action, Defendant Larson engaged in the conduct complained of while he was on duty and in the course and scope of his employment with the City of Mequon.

7

WHEREFORE, pursuant to WIS. STAT. § 895.46, Plaintiff asks this Court to find that the City of Mequon is liable to defend this action against Defendant Larson and required to satisfy any judgment against its employee, by virtue of WIS. STAT. § 895.46.

## JURY DEMAND

Plaintiff hereby demands a trial by jury, pursuant to FED. R. CIV. P. 38(b), on all issues so triable.

Respectfully submitted,

Dated: July 17, 2026,

/s/ R. Rick Resch
John H. Bradley
  Wisconsin Bar No. 1053124
R. Rick Resch
  Wisconsin Bar No. 1117722
Jacob A. Idlas
  Wisconsin Bar No. 1078457
STRANG BRADLEY, LLC
613 Williamson Street, Suite 204
Madison, Wisconsin 53703
(608) 535-1550
John@StrangBradley.com
Rick@StrangBradley.com
Jack@StrangBradley.com

Counsel for Plaintiff
